IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS WELFARE FUND, <br><br> Plaintiffs, <br> v. <br><br> JOHN CICHY, Individually and d/b/a LAKESIDE RESTORATIONS, and LAKESIDE MARBLE RESTORATIONS, INC., a dissolved Illinois corporation, <br><br> Defendants. | Case No.:13 C 5353 <br><br> Judge <br><br><br> Magistrate Judge |

## COMPLAINT

Plaintiffs, by and through their attorneys, DONALD D. SCHWARTZ, JAMES R. ANDERSON, GREGORY W. HOSE, and ARNOLD AND KADJAN, complain against the Defendant **JOHN CICHY Individually and d/b/a LAKESIDE RESTORATIONS**, and **LAKESIDE MARBLE RESTORATIONS, INC.**, a dissolved Illinois corporation, as follows:

### COUNT I

### Jurisdiction and Venue

1.  This Court has subject matter jurisdiction pursuant to Section 301 of the National Labor Relations Act, as amended, 29 U.S.C. 185(a), and Section 502 of the Employee Retirement Security Act (ERISA) of 1974, as amended, 29 U.S.C. Section 1132(e)(1), 1145 and 28 U.S.C. Section 1331.

2.  The Northern District of Illinois is the proper venue pursuant to 29 U.S.C. Section 1132(e) as the Plaintiffs Fund is administered here in this judicial district.

1

## The Parties

3. The Plaintiffs are the Trustees of the Chicago Painters and Decorators Welfare Fund ("the Welfare Fund"), and have standing to sue pursuant to 29 U.S.C. Section1132(d)(1).

4. The Welfare Fund has been established pursuant to Collective Bargaining Agreements previously entered into between the Painters' District Council No. 14 and its affiliated locals (the "Union"), and certain employer associations, including the Chicago Metal Contractors Association.

5. The Fund is maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, 29 U.S.C. Section 186 et. seq., and the Employee Retirement Security Act, 29 U.S.C. Section 1001, et. seq., and also pursuant to the terms and provisions of the Collective Bargaining Agreements and Declarations of Trust ("Trust Agreements") which established the Fund.

6. **JOHN CICHY, individually and d/b/a LAKESIDE RESTORATIONS** (**"CICHY "**), on or about August 26, 2011 , executed a Labor Agreement with the Union which binds **CICHY** to the collective bargaining agreement between the Chicago Metal Contractors Bargaining Association. See copy attached as Exhibit "A."

## The Agreements

7. Pursuant to the provisions of the Labor Agreement, **CICHY** is bound to the Trust Agreement and is required to make periodic contributions to the Funds for each employee employed during that month.

8. Under the terms of the Labor Agreement and Trust Agreement to which it is bound, **CICHY** is required to submit all necessary books and records to Plaintiffs' auditor for the purpose of determining whether or not it is in compliance with its obligation to contribute

2

to the Funds. In addition, the Labor Agreement and the Trust Agreement require **CICHY** to pay liquidated damages, auditor fees, and all attorneys' fees and court costs incurred by the Funds in the collection process.

## The Claim

9. **CICHY** breached the provisions of the Labor Agreement and Trust Agreement by failing to submit its reports and contributions to the Welfare Fund for the period from February, 2013 through the present.

10. Pursuant to the provisions of the Labor Agreement and Trust Agreements, **CICHY** is required to pay liquidated damages, auditor fees and all attorneys's fees and court costs incurred by the Welfare Fund in the collection process.

11. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that may be found to be due and owing from **CICHY.**

12. **CICHY** is obligated to pay the attorneys' fees and court costs incurred by the Plaintiffs pursuant to the Labor Agreement, the Trust Agreements, and 29 U.S.C. Section 1132 (g)(D).

13. Pursuant to 29 U.S.C. Section 1132(g)(2) ( c ), Plaintiffs are entitled to an amount equal to the greater of:

(I) interest on the unpaid contributions; or

(ii) liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

## Relief Sought

WHEREFORE, Plaintiffs pray for relief as follows:

A. That **CICHY** ordered to produce reports and contributions for the work months from February, 2013 through the present;

B. **CICHY** be ordered to produce books and records for a fringe benefit contribution compliance audit for the period from August 26, 2011 through the present;

C. That judgment be entered in favor of Plaintiffs and against **CICHY** in the amount shown to be due on the reports and on the audit,

D. That Plaintiffs be awarded their costs herein, including audit costs, interest, reasonable attorneys' fees and court costs incurred in the prosecution of this action, together with liquidated damages and/or interest, and reasonable attorneys' fees and costs, all as provided 29 .U.S.C. Section 1132(g)(2)(D); and

E. That this Court grant such other and further relief as may be appropriate under the circumstances.

## COUNT II

14. Plaintiffs restate paragraphs 1 through 8 of Count I as if fully stated herein.

15. Jurisdiction is also founded upon this Court's supplemental jurisdiction, 28. U.S.C. 1367.

16. On or about February 19, 2013, **CICHY** and **LAKESIDE MARBLE RESTORATIONS, INC.** executed an installment note to pay fringe benefit fund contributions and other charges due and owing under ERISA for periods of time from through 2013. A copy of the note is attached as Exhibit "B."

17. CICHY and LAKESIDE MARBLE RESTORATIONS, INC., defaulted on the duty to pay the contributions under ERISA and the terms of the Installment note by failing to make the payments that were due on May 18, 2013, and thereafter.

18. Demand has been made for payment upon but the Defendants have failed to cure the default.

19. Upon default, the balance becomes immediately due and owing. $9,193.28 is the

unpaid balance due on the note.

WHEREFORE, Plaintiffs pray for the following relief:

A. That this Court enter judgment in favor of Plaintiffs and against the Defendants **JOHN CICHY** and **LAKESIDE MARBLE RESTORATIONS, INC.**, in the amount of **$9,123.28**; and

B. That this Court award Plaintiffs their reasonable attorneys' fees and court costs all as provided for by ERISA, and the provisions of the note; and

C. That this Court grant Plaintiffs such other and further relief as may be appropriate under the circumstances.

> Respectfully submitted,
>
> TRUSTEES OF THE CHICAGO PAINTERS
> AND DECORATORS WELFARE FUND,
>
> By:    S/James R. Anderson
>        One of their Attorneys

DONALD D. SCHWARTZ
JAMES R. ANDERSON
GREGORY W. HOSE
ARNOLD AND KADJAN
203 North LaSalle Street, Suite 1650
(312) 236-0415

EXHIBIT A

EXHIBIT A

## METAL POLISHERS MEMORANDUM OF AGREEMENT

Lakeside Restorations
_____
("Employer")

affirms, adopts and agrees to be bound the February 1, 2011 through January 31, 2014 collective bargaining agreement between The Chicago Metal Contractors Bargaining Association ("Association") and Painters District Council No. 14 ("Union") which is incorporated by reference herein along with all extensions, amendments and renewals subsequently negotiated by the Union and the Association.

1. **Termination**. This Agreement shall remain in full force and effect from February 1, 2011 through January 31, 2014, and shall continue thereafter unless there has been given written notice, by certified mail by either party hereto, received not less than sixty (60) nor more than ninety (90) days prior to the expiration date of the desire to modify or amend this Agreement through negotiations. In the absence of such notice, the Employer and the Union agree to be bound by the new area-wide negotiated agreement with the Association incorporating it into this Agreement and extending this Agreement for the life of the newly negotiated Association agreement, and thereafter for the duration of successive Association agreements unless and until timely notice of termination is given as provided above.

2. **Execution.** The Employer acknowledges and accepts the facsimile signatures on this contract as if they were the original signatures. The Employer further acknowledges receipt of the complete Association Agreement.

IN WITNESS WHEREOF, and in consideration of the mutual promise of the parties hereto, and other good valuable consideration, this Agreement was entered into this ___26___ day of __Aug__ ,2011.

EMPLOYER:
FIRM: Lakeside Restorations
_____
(PRINT)
ADDRESS: 1740 W. Carrol Ave 2W
_____
Chicago, IL 60612
_____
(PRINT)

NAME
and TITLE __John Ciehy, owner__
(PRINT)

SIGNATURE _____

UNION:

_____
TERRENCE P. FITZMAURICE
Business Manager/Secretary-Treasurer
Painters District Council #14

EXHIBIT B

## INSTALLMENT NOTE

($15,193.28)                                            February 19, 2013

      For Value Received, the undersigned promises to pay to the order of **Chicago Painters and Decorators Welfare Fund** the principal sum of ___Fourteen Thousand Seven Hundred Forty Eight___ Dollars and 48/100 ($14,748.48) Dollars, payable in installments as follows:

 Three Thousand Dollars and 00/100 ($3,000.00) on the 20th day of each month beginning on the 20th day of February, 2013; One Thousand Five Hundred Twenty -Four Dollars and 16/100 ($1,524.16) on the 20th of each month beginning on the 15th day of March, 2013; and on the 15th of each month for six (6) months succeeding; and a final payment of One Thousand Five Hundred Twenty-Four Dollars and 16/100 ($1,524.16) on the 20th day of October, 2013, with interest on the balance of principal remaining from time to time unpaid at the rate of **10%** per annum, payable on the due dates for installments of principal as aforesaid.

      All payments on account of the indebtedness represented by this Note shall be applied first to accrued and unpaid interest and the remainder to principal. Any installments of principal not paid when due shall bear interest after maturity at the rate of 18% per annum. Payments of both principal and interest shall be delivered to Arnold and Kadjan, 203 N. LaSalle Street, Suite 1650, Chicago, Illinois 60601 or such other place as the legal holder hereof may from time to time in writing appoint.

      At the election of the payee or legal holder hereof and without notice, the principal sum remaining unpaid hereon, together with accrued interest thereon, shall become at once due and payable at the place of payment aforesaid in case of default in the payment, when due, of any installment or principal or interest, or any portion thereof, in accordance with the terms hereof. **Any failure to pay current fringe benefits as they become due shall constitute a default of this Note.** In the event of default, the payee or legal holder hereof shall be entitled to reasonable costs of collection, including reasonable attorney's fees.

      The undersigned hereby authorizes, irrevocably, any attorney of any Court of record to appear for the undersigned in such court, in term time or vacation, at any time after default in the payment of any installment of the principal hereof, and confess judgment without process in favor of the payee or holder of this Note for such amount as may appear to be unpaid thereon, together with reasonable costs of collection including reasonable attorney's fees, and to waive and release all errors which may intervene in any such proceedings, and consent to immediate execution upon such judgment, hereby ratifying and confirming all that said attorney may do by virtue hereof. If this Note is signed by more than one person, the obligations and authorizations hereunder shall be joint and several. All parties hereto severally waive presentment for payment, notice of dishonor and protest.

      The makers of this Note acknowledge the above indebtedness represents fringe benefit contributions and other costs and charges due and owing pursuant to applicable provisions of the Employee Retirement Income Security Act, 29 U.S.C. 1145.

For: August, 2012-January, 2013 reports ; 9-10/11 and 7/12-1/13 late fees,

_____                    _____
Lakeside Marble Restorations, Inc.,           John Cichy, Individually and d/b/a
by John Cichy, its president                  Lakeside Restorations
5048-206, 1740 Carroll, Chicago, IL 60612, (847)702-4443